SACKS v. SEGAL et al.

(Supreme Court, Appellate Term.    November 14, 1906.)

LANDLORD AND TENANT—INJURY TO TENANT—NEGLIGENCE—EVIDENCE.

The questions of negligence of the landlord and contributory negligence of the tenant are for the jury, where the landlord was making extensive repairs of a tenement house, and piled the débris so as to leave only a narrow path to the toilets, and the tenant, going there in the evening, where there was no light, fell over a plaster board carelessly left in the path that day, which the tenant had never seen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 646.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Rosie Sacks against Aaron Segal and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Jacob C. Brand, for appellants.

DOWLING, J. Actions were begun by husband and wife for damages sustained by injuries received by the wife and for loss of her services. It was stipulated at the trial that the cases be tried together, and that the testimony taken in one be regarded as having been given in the other case, but that separate judgments be rendered. At the close of the evidence submitted on the trial of the wife's action, the defendant moved to dismiss the complaint upon the ground that there was no evidence showing negligence on the part of the defendant, or absence of contributory negligence on the part of the plaintiff. This motion was granted, and the plaintiff was refused permission to go to the jury, and an exception to such dismissal duly taken.

An examination of the testimony given leads us to the conclusion that this disposition of the case was erroneous. The rule has been enunciated too often to need citations of authority that in cases where a complaint is dismissed at the close of the plaintiff's case the evidence and all legitimate inferences that can be drawn therefrom must be taken as true. Viewed in this light, there was sufficient evidence offered from which the jury might well have found both that the defendant was chargeable with negligence and the plaintiff free therefrom. The defendant was the landlord, and the plaintiff a tenant, of a tenement house in this city. The toilets for the use of the tenants of the house were located in a rear yard. The defendant was engaged in making extensive repairs to the house, and had piled refuse, lumber, and débris in the back yard, leaving only a narrow path over which the tenants, who were obliged to use the toilets, were compelled to pass in order to reach them. On the day the plaintiff met with her injuries a plaster board had been carelessly left in this path, over which the plaintiff on her way to the toilet tripped and fell, sustaining the injuries complained of. The defendant had charge of the repairs and the location of the débris, and the plaintiff had never seen the board prior to her fall. The accident occurred at about 6:30 p. m., and there was no light in the yard or hallway. Under such circumstances the question of negligence was a question of fact, which should have been submitted to the jury, and a dismissal was error.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs. DUGRO, J., concurs in result.